IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-146-CR





KIRK WATERS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0923350, HONORABLE BOB JONES, JUDGE PRESIDING



 





PER CURIAM

 The district court found appellant guilty of delivering cocaine. Texas Controlled
Substances Act, Tex. Health & Safety Code Ann. § 481.112 (West 1992). The court assessed
punishment at imprisonment for ten years and a $1000 fine, but suspended imposition of sentence
and placed appellant on probation.

 In a single point of error, appellant urges that his confession was erroneously
admitted in evidence because he was denied his right to counsel and because the confession was
coerced by a promised benefit. In support of this contention, appellant cites a portion of the
following exchange between the officer who took the confession and defense counsel:


Q. There was a lengthy discussion between you and Mr. Waters, was there not?


A. We did have discussions before the statement was taken, yes.


Q. And that discussion involved -- for example, you pulled out his wallet and
went through every item in his wallet; is that right?


 . . . .


A. As I remember, we went through it pretty thoroughly.


Q. In fact, there was a business card of an attorney in there by the name of Steve
Turo, wasn't there?


A. I didn't inventory it. I don't remember if there was or not.


 . . . .


Q. And during the course of that conversation you offered him a deal, did you
not?


A. Offered him a deal?


Q. Yes, sir.


A. I offered him the opportunity to do some work for us, yes.


Q. And where this case would just go away; right?


A. Where it would just go away?


Q. That the paperwork would not be turned in?


A. That it would not be filed that night if he wanted to do a deal.


Q. Well, was the deal that it would not be filed period or not filed that night?


A. I was not going to take him to jail that night if he wanted to do a deal.


Q. And depending what he wanted to do for you, you would decide later on
whether or not you were going to file it?


A. Correct.


 . . . .


Q. But the subject of an attorney came up, did it not?


A. Not that I remember.


 . . . .


Q. And because the interview did not terminate, we must assume then that at least
you were not aware that he was requesting to have an attorney involved?


A. He never requested an attorney to me.



The confession, though admitted, does not appear in the record. The testimony of the officer
indicates, however, that the document contains an acknowledgement by appellant that he
understood his right to an attorney, and a waiver of that right. 

 Appellant objected to the introduction of his written confession because "[i]t doesn't
seem to comport with the requirements of state law." The court overruled the objection, saying,
"It seems to follow Miranda policy."

 When objecting to the admission of evidence, a party must specify the ground of
objection unless it is apparent from the context. Tex. R. Crim. Evid. 103(a)(1); Tex. R. App.
P. 52(a). Appellant objected to the introduction of his written confession because "[i]t doesn't
seem to comport with the requirements of state law." Appellant did not specify the requirements
of state law allegedly violated. The court overruled the objection, saying, "It seems to follow
Miranda policy." See Miranda v. Arizona, 384 U.S. 436 (1966). Under the circumstances, we
believe that appellant's trial objection was sufficient to his preserve his complaint that he was
denied counsel during the interview, but not sufficient to preserve his complaint that the
confession was the product of a promised benefit. 

 The officer testified that appellant never indicated a desire to speak to counsel
during the questioning that resulted in the confession. The officer's testimony is uncontradicted. 
If appellant had an attorney's business card in his wallet, and there is no evidence that he did, that
alone was not sufficient to invoke the Fifth Amendment right to counsel. Castillo v. State, 742
S.W.2d 1 (Tex. Crim. App. 1987). The district court did not abuse its discretion by overruling
appellant's Miranda objection.

 Appellant's contention that the confession was coerced, even if it were properly
before us, is not supported by the record. To render a confession involuntary, a promised benefit
must be of a character likely to influence the accused to speak untruthfully. Long v. State, 823
S.W.2d 259, 277 (Tex. Crim. App. 1991). In this cause, the officer promised not to file charges
against appellant if appellant would "do some work for us," which we understand to mean help
the officers make cases against other drug dealers. There is no evidence of a promise conditioned
on appellant making a confession. The point of error is overruled.

 The judgment in this cause recites that appellant entered a plea of guilty. The
statement of facts reflects, however, that appellant pleaded not guilty. The judgment is hereby
reformed to reflect a plea of not guilty.

 As reformed, the judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Reformed and, as Reformed, Affirmed

Filed: March 2, 1994

Do Not Publish